Opinion filed March 27, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00081-CV

                                                    __________

 

                                $10,831.00 U.S. CURRENCY, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                  Trial
Court Cause No. C40973

 



 

                                              M E
M O R A N D U M   O P I N I O N

On
July 17, 2007, the trial court signed the agreed judgment.  On February 27,
2008, Donald Wayne Dowling filed a pro se notice of appeal, 225 days after the date
the judgment was signed.  The appeal is dismissed for want of jurisdiction.

Upon
receipt of the documents in this court, Dowling was instructed that it appeared
the appeal was untimely and directed to respond showing grounds for continuing
the appeal.  Dowling has filed a response.








In
his response, Dowling states that the judgment was the result of fraud on the
part of his counsel, that he was not personally served with notice of the
judgment, and that he did not become aware of the July 2007 judgment until
September 11, 2007.  Dowling further states that, once he became aware of the
judgment, he Aimmediately@ filed a motion to vacate
in December of 2007. Because no written order was entered concerning his motion
to vacate, Dowling asks this court to consider his motion to vacate as a notice
of appeal.

Tex. R. App. P. 26.1 provides that the
time to perfect an appeal is counted from the date the judgment is signed.  The
notice of appeal must be filed within ninety days of the date the judgment is
signed if a motion for new trial (or to vacate) is timely filed or within
thirty days if no motion for new trial (or to vacate) is filed.  Rule 26.1.  To
be timely, the motion for new trial (or to vacate) must be filed in the trial
court within thirty days of the date the judgment is signed.  Tex. R. Civ. P. 329b.

In the event
that a party adversely affected does not receive actual notice of a judgment
within twenty days of the date the judgment was signed, the party must proceed
under Tex. R. Civ. P. 306a to
establish the date of notice and to extend the appellate timetable.  Tex. R. App. P. 4.2.

Dowling
has neither proceeded under Rule 306a nor timely filed a motion for new trial
(or to vacate) under Rule 329b.  Dowling has not complied with the requirements
of Rule 26.1, has failed to file a timely motion for extension of time pursuant
to Tex.
R. App. P. 26.3, and has not complied with Verburgt v. Dorner,
959 S.W.2d 615 (Tex. 1997).

Dowling
has failed to invoke the jurisdiction of this court; therefore, the appeal is
dismissed.

 

PER CURIAM

 

March 27, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.